1

2

3

4

5

6

7

8                    United States District Court

9                    Eastern District of California

10

11

12  Cedric Woods,

13          Plaintiff,              No. Civ. S 03-1976 GEB PAN P

14      vs.                         Findings and Recommendations

15  D. L. Runnels, et al.,

16          Defendants.

17                            -oOo-

18      Plaintiff is a prisoner proceeding pro se and in forma

19  pauperis on his claim defendants P. Zills and M. Jimenez violated

20  his rights by failing to prevent an attack by white prisoners on

21  black prisoners despite a prisoner had notified defendant Zills

22  an attack was imminent.  Defendant Jimenez[1] moves to dismiss upon

23  the ground plaintiff failed to exhaust available administrative

24  remedies.

25      On a motion to dismiss for failure to exhaust available

26

_____

[1]  Defendant Zills had not been served with process when defendant
Jimenez filed this motion.

1  administrative remedies the court may look beyond the pleadings

2  and decide disputed facts.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th

3  Cir. 2002).

4       42 U.S.C. § 1997e(a) provides that a prisoner may bring no §

5  1983 action until he has exhausted such administrative

6  remedies as are available.  The requirement is mandatory.  <u>Booth</u>

7  <u>v. Churner</u>, 532 U.S. 731, 741 (2001).  The administrative remedy

8  must be exhausted before suit is brought and a prisoner is not

9  entitled to a stay of judicial proceedings in order to exhaust.

10  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Where a

11  litigant requests leave to proceed in forma pauperis, suit

12  commences when the request is granted.  <u>See</u> 28 U.S.C.

13  § 1915(a)(1) (court may "authorize commencement" of suit without

14  prepayment of filing fee for person demonstrating inability to

15  pay).

16       California prisoners may appeal "any departmental decision,

17  action, condition, or policy which they can demonstrate as having

18  an adverse effect upon their welfare."  15 Cal. Admin. Code

19  § 3084.1(a).  The regulations require the use of specific forms

20  but contain no guidelines for grievance content.  15 Cal. Admin.

21  Code §§ 3084.2, 3085 (designating use of CDC Form 602

22  Inmate/Parolee Appeal Form for all grievances except those

23  related to disabilities under the Americans with Disabilities

24  Act, which are filed on CDC Form 1824, Reasonable Modification or

25  Accommodation Request).  Prisoners ordinarily must present their

26  allegations on one informal and three formal three formal levels

2

1  of review.  15 Cal. Admin. Code § 3084.5.  While presentation on

2  the third level, the Director's Level of Review, exhausts the

3  remedy for departmental purposes,  15 Cal. Admin. Code §

4  3084.1(a), when prisoners cannot present their allegations on any

5  subsequent level, they have exhausted available remedies for

6  purposes of 42 U.S.C. § 1997e(a).  Ngo v. Woodford, 403 F.3d 620,

7  625 (9th Cir. 2005).  The prison's rejection of an appeal as

8  untimely does not bar a federal court from considering the merits

9  of plaintiff's claim in a civil rights action.  Ngo, 403 F.3d at

10 631.  Defendant has the burden of identifying the remedies that

11 remain available.  Ibid.

12     Defendant Jimenez concedes plaintiff filed an appeal about

13 the June 2003 attack but asserts since the appeal was rejected as

14 untimely and plaintiff did not pursue an appeal to the director's

15 level of review, plaintiff failed to satisfy § 1997e(a).

16 Plaintiff's uncontested assertion he filed the appeal late

17 because he was too incapacitated from the attack to appeal within

18 the 15 work day limit falls neatly within the rationale of Ngo.

19 See Ngo, 403 F.3d at 631 ("As is, prison grievance procedures are

20 sufficiently difficult for prisoners to comply with.  Judicial

21 imposition of the procedural default doctrine on suits brought

22 under the PLRA, coupled with the relatively short filing periods

23 for prisoner grievances, might very well preclude prisoner-

24 litigants with meritorious claims from ever bringing suit.")

25     Since plaintiff's failure timely to appeal does not bar this

26 action and defendant fails to identify any administrative remedy

available to plaintiff, I find plaintiff exhausted available procedural remedies as required by 42 U.S.C. § 1997e(a).

Accordingly, defendant's October 20, 2004, motion to dismiss should be denied and defendant should be directed to file and serve an answer within 30 days.

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, plaintiff may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  June 2, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge