1

2

3

4

5

6

7

8                     United States District Court

9                    Eastern District of California

10

11

12  Cedric Woods,

13          Plaintiff,                Civ. No. S 03-1976 GEB PAN P

14      vs.                           Order on Request for Counsel

15  D.L. Runnels, et al.,

16          Defendants.

17                            -oOo-

18      Plaintiff is a state prisoner proceeding pro se and in forma

19  pauperis in a civil rights action.  Plaintiff moved for

20  appointment of counsel on August 15, 2005.

21      In proceedings that do not threaten a litigant with loss of

22  physical liberty, there presumptively is no right to appointed

23  counsel.  Lassiter v. Department of Social Services, 452 U.S. 18,

24  26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion

25  upon the court to request counsel represent an indigent civil

26  litigant.  Mallard v. District Court, 490 U.S. 296 (1989).

1    In deciding whether to appoint counsel the court exercises

2  discretion governed by a number of factors, including the

3  likelihood of success on the merits and the applicant's ability

4  to present his claims in light of their complexity.  Weygandt v.

5  Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.

6  Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the

7  presumption of regularity in the state's procedures for confining

8  prisoners suggests a lack of likely success and counsels against

9  appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887

10  (7th Cir. 1981).  As a general rule, the court will not appoint

11  counsel unless the applicant shows his claim has merit in fact

12  and law.  Id.  Even if the applicant overcomes this hurdle, the

13  court will not appoint counsel if the law is settled and the

14  material facts are within the plaintiff's possession, viz., they

15  do not require investigation outside the prison walls.  Id. at

16  887-88.

17    Plaintiff alleges his constitutional rights were violated

18  when defendants failed to prevent an attack by white prisoners on

19  black prisoners despite a prisoner had notified defendant Zills

20  an attack was imminent.  The law governing this issue is settled

21  and investigation outside the prison walls is unnecessary to

22  discover material facts.   There is, on the record before the

23  court, no reason to believe appointment of counsel would be of

24  significant benefit.

25  ///

26  ///

1    Plaintiff's August 15, 2005, request for the appointment of

2  counsel therefore is denied.

3    So ordered.

4    Dated:  September 8, 2005.

5                                    /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
6                                    Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26